UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| TRUSTEES of the NORTHERN NEVADA OPERATING ENGINEERS HEALTH & WELFARE, TRUST FUND, et al., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| MACH 4 CONSTRUCTION, LLC, | ) ) |
| Defendant. | ) ) ) |

3:08-CV-00578-LRH-(RAM)

ORDER

This matter involves a suit by Plaintiff trustees of five trust funds ("Trustees") against Defendant Mach 4, LLC ("Mach 4") to identify and collect delinquent fringe benefit contributions owed by Mach 4 pursuant to sections 404(a) and 406 of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §§ 1104(a), 1106. Before the court are Mach 4's objections (#30) to U.S. Magistrate Judge Robert A. McQuaid, Jr.'s March 18, 2009 order (#29[1]), granting Trustees' Motion to Compel Payroll Audit (#4) and Mach 4's Motion to Stay Pending Objections (#31).

**I.    Facts and Procedural History**

Pursuant to 29 U.S.C. §§ 1104(a) and 1106, Trustees seek to identify and collect delinquent fringe benefit contributions owed by Mach 4. Trustees alleges that Mach 4 employs or employed

---

[1] Refers to court's docket entry number

unionized operating engineers, and therefore Mach 4 is obligated to pay delinquent contributions in accordance with the terms of a trust agreement and a collective bargaining agreement between Mach 4 and the Operating Engineers Local Union No. 3 of the International Union of Operating Engineers, AFL-CIO ("Union").

On March 18, 2009, U.S. Magistrate Judge Robert A. McQuaid, Jr. held a hearing on Trustee's motion to compel payroll audit (#4) and entered an order (#29) granting Trustees' motion. On April 1, 2009, Mach 4 timely filed objections to the magistrate's order (#30) and a motion to stay the order (#31) pending this court's resolution of the objections.

**II.  Legal Standard**

When reviewing a nondispositive order entered by a magistrate judge, the court does not conduct a *de novo* review; rather, it applies a more deferential standard under which the moving party must show that the magistrate judge's order is "clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A); Local Rule of Practice IB 3-1. Discovery motions are nondispositive pretrial motions within the scope of Rule 72(a) and thus subject to the "clearly erroneous or contrary to law" standard of review. *Rockwell Int'l, Inc. v. Pos-A-Traction Indus. Inc.*, 712 F.2d 1324, 1325 (9th Cir. 1983) (per curiam). A magistrate's finding is "clearly erroneous" only if the reviewing court is left with "a definite and firm conviction that a mistake has been committed." *United States v. U. S. Gypsum Co.*, 333 U.S. 364, 395 (1948); *Burdick v. Comm'r Internal Revenue Serv.*, 979 F.2d 1369, 1370 (9th Cir. 1992).

**III.  Discussion**

**A.  Objections**

After reviewing the parties' objections, memoranda, and other relevant matters of record pursuant to 28 U.S.C. § 636(b)(1)(A) and Local Rule IB 3-1, the court is satisfied that the magistrate's order (#29) is neither clearly erroneous nor contrary to law. As a preliminary matter, Local Rule IB 3-1 mandates that "[a]ny party wishing to object to the ruling of the magistrate judge

2

on a pretrial matter shall . . . file and serve *specific* written objections to the ruling together with points and authorities opposing the objections." Local Rule IB 3-1 (emphasis added). Mach 4's objections, however, fail to address the magistrate's order. Mach 4's counsel merely renamed and resubmitted its original opposition to Trustees' motion. This needless indiscretion substantiates Trustee's assertion that Mach 4's objections are not serious but are merely delay tactics. Other courts have held that rejecting objections to a magistrate's report and recommendation on these grounds alone is appropriate. *See, e.g.*, *Colon v. Wyeth Pharmaceutical*, 611 F. Supp. 2d 110, 116 (D.P.R. 2009) ("[A party] may not simply address the same arguments the magistrate judge considered and expect the Court to treat the filing seriously. Instead, [he] ought to explain to the reviewing Court, citing proper authority, why the magistrate judge's application of law to facts is legally unsound.")

Mach 4, nevertheless, asserts that the magistrate's order is clearly erroneous and contrary to law because the audit is an act of retaliation by Trustees on behalf of a terminated union[2] and not an entitlement pursuant to sections 502 and 515 of ERISA. However, Mach 4 presents no evidence of retaliation, and its cryptic suggestion that the audit seeks to "achieve some other objective" lacks merit. Rather, as Trustees observe, Mach 4's termination dispute with the Union should not preclude the audit. Under ERISA, employers are subject to periodic, random audits. This is the case even in the absence of allegations of wrongdoing. 29 U.S.C. § 1145; *see also Cent. States Se. & Sw. Areas Pension Fund v. Cent. Transport, Inc.*, 472 U.S. 559, 574 (1985); *Santa Monica Culinary Welfare Fund v. Miramar-Hotel*, 920 F.2d 1491, 1495 (9th Cir. 1990). As articulated by

---

[2] Mach 4 previously joined the Operating Engineers Local Union No. 3 of the International Union of Operating Engineers, AFL-CIO ("Union") to litigate the Union's casual role in Mach 4's dispute with Trustees. Mach 4 alleged that the Union was liable to Mach 4 for any damages resulting from its suit with Trustees. Pursuant to Federal Rule of Civil Procedure 4(m), however, the Union was dismissed without prejudice from the suit for Mach 4's failure to effect service within 120 days after the third-party claim was filed. Due to this court's dismissal of the Union from this suit, Trustee's motion to strike Mach 4's third-party claims against the Union is denied as moot.

the Supreme Court in *Central States*, ERISA requires periodic, random audits to "inform participants of their rights and status under a plan and . . . [to] assure the financial integrity of the plans by determining the class of potential benefit claimants and holding employers to the full and prompt fulfillment of their contribution obligations. . . ." *Central States*, 472 U.S. at 574. Thus, even in the absence of this lawsuit an audit would comport with ERISA.

Mach 4 also contends that Trustees are not entitled to an audit because the Collective Bargaining Agreement ("CBA") and Trust Agreement are unauthenticated, and thus inadmissible, documents. Significantly, however, Mach 4 does not assert that the documents submitted by Trustees to the magistrate are not the actual CBA and Trust Agreement or that an audit is contrary to the terms of either the CBA or Trust Agreement. Accordingly, the court cannot conclude that the magistrate's order is clearly erroneous or contrary to law.

Further, ordering an audit is appropriate because the stipulated discovery plan (#24) clearly contemplates an audit, and "plan trustees have broad powers of discovery in aid of their duty to protect and preserve the trust for the benefit of the beneficiaries." *Plumber, Steamfitter and Shipfitter Industry Pension Plan and Trust v. Siemens Building Tech. Inc.*, 228 F.3d 964, 968 (9th Cir. 2000).

**B. Motion for Stay**

Mach 4 has also moved for stay pending appeal of its objections. In *Hilton v. Braunskill*, the Supreme Court established four factors movants must satisfy to prevail on a motion for stay pending appeal. 481 U.S. 770, 776 (1987). Mach 4 must show that (1) it is likely it will succeed on the merits of the appeal, (2) it will suffer irreparable injury in the absence of a stay, (3) other parties will not be substantially injured by a stay, and (4) the stay will not harm public interest. *Id.* Consistent with this, the Ninth Circuit also considers "two interrelated legal tests" that "represent the outer reaches of a single continuum." *Golden Gate Restaurant Ass'n v. City and County of San Francisco*, 512 F.3d 1112, 1115-16 (9th Cir. 2008). "At one end of the continuum, the moving

party is required to show both a probability of success on the merits and the possibility of irreparably injury." *Lopez v. Heckler*, 713 F.2d 1432, 1435-36 (9th Cir. 1983), *quoted in Golden Gate*, 512 F.3d 1115-1116. "At the other end of the continuum, the moving party must demonstrate that serious legal questions are raised and that the balance of hardships tips sharply in its favor." *Id.*

Although Mach 4's objections have been resolved, and its motion for stay is now moot, Mach 4 made no attempt to satisfy the *Hilton* factors. Mach 4 failed to demonstrate why it would succeed on the merits of a review and did not show any injury that could result from a denial of its motion. On the contrary, it is more likely that either Trustees or the public interest, not Mach 4, would suffer from a stay. As articulated in *Central States*, audits protect "one of ERISA's principal purposes . . . [by ensuring] that if a worker has been promised a defined pension benefit upon retirement . . . he actually will receive it." *Central States*, 472 U.S. at 569. The magistrate's order furthers this principle concern by preserving Mach 4's obligations to Trustees. Allowing Mach 4 to avoid its obligations to Trustees by injecting its dispute with the Union into the present suit or simply terminating its relationship with the Union would undermine ERISA's contribution requirements. Under that scenario, employers could under report hours and then avoid a payroll audit by claiming that their relationship with a union had terminated.

GOOD CAUSE APPEARING, IT IS THEREFORE ORDERED that the Magistrate Judge's March 18, 2009, order (#29) is AFFIRMED.

IT IS FURTHER ORDERED that Mach 4's Motion for Stay (#31) is DENIED as moot.

///
///
///
///
///

IT IS FURTHER ORDERED that Trustee's Motion to Strike Third-Party Claims (#16) is DENIED as moot.

IT IS SO ORDERED.

DATED this 7th day of July, 2009.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE