UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| TRUSTEES of the NORTHERN NEVADA OPERATING ENGINEERS HEALTH & WELFARE TRUST FUND, et al.,<br><br>                Plaintiff,<br><br>v.<br><br>MACH 4 CONSTRUCTION, LLC, a Nevada limited liability company; DUNCAN MILLER; ANGELA MILLER; DOES 1-100; and BLACK AND WHITE COMPANIES 101-200,<br><br>                Defendants. | 3:08-cv-00578-LRH-RAM<br><br>ORDER |

Before the court is Defendants Mach 4 Construction, LLC ("Mach 4"); Duncan Miller ("Mr. Miller"); Angela Miller ("Ms. Miller"); and Black and White Companies' (collectively "Defendants") motion in limine filed on March 3, 2010 (#51[1]). Defendants seek to exclude Alexander W. Miller, CPA ("Miller") as a designated expert witness for plaintiffs, trustees of various operating engineer trust funds (collectively "Plaintiffs"). Plaintiffs filed an opposition (#55) to which Defendants replied (#56).

**I.     Facts and Procedural History**

Plaintiffs are the chairman and co-chairman of the Boards of Trustees of various operating

---

[1] Refers to the court's docket number.

engineer trust funds (collectively "Trust Funds"). (Compl. ¶ 3.) The Trust Funds are employee benefit plans according to Section 3(3) of ERISA, 29 U.S.C. § 1002(3), and multi-employer plans according to Section 3(37) of ERISA, 29 U.S.C. § 1002(37). (*Id.*)

Defendant Mach 4 is a Nevada corporation that employs operating engineers. (Compl. ¶¶ 4-5.) On May 1, 2007, Mach 4 executed the Independent Northern Nevada Construction Agreement ("Short Form Agreement") with Operating Engineers Local Union No. 3 of the International Union of Operating Engineers, AFL-CIO ("Union"). (Compl. ¶ 10.) The Short Form Agreement contains terms from the Master Agreement executed by the Nevada Chapter, Associated General Contractors of America, Inc., and Union. (*Id.*) The Short Form Agreement and Master Agreement are the controlling Collective Bargaining Agreements.

Pursuant to the Collective Bargaining Agreements, Defendants agreed to make fringe benefit payments to the Trust Funds for every hour worked by operating engineers employed by Mach 4 regardless of their union membership status. (Compl. ¶ 13.) Moreover, Defendants agreed to submit employer contribution reporting forms to Plaintiffs on a monthly basis. (*Id.*)

On October 30, 2008, Plaintiffs filed the underlying complaint (#1) against Defendants, arguing that Mach 4 breached the Collective Bargaining Agreements by failing to report and contribute to the Trust Funds for all hours worked by operating engineers. (Compl. ¶ 15.)

Subsequently, on December 17, 2008, Plaintiffs filed a motion to compel a payroll audit (#12), which the court granted (#29). The audit was conducted by non-party Hemming Morse,[2] Miller's employer (#43). As head of the audit department, Miller reviewed the audit report and file at the end of the internal process. As a result of the audit, Miller concluded that Mach 4 had under reported hours. (Mot. Exclude Pl.'s Witness (#51), Miller Dep. 9:14.)

Ultimately, Plaintiffs designated Miller as an expert witness for trial. Thereafter,

---

[2] Hemming Morse is a CPA firm that specializes in auditing employee benefit plans. *See* Firm Overview, http://www.hemming.com/overview.php (last visited July 01, 2010).

Defendants filed the present motion in limine seeking to preclude Miller from testifying about the audit report as an expert witness under Federal Rule of Evidence 702 (#51).

**II.    Discussion**

Defendants argue that Miller is not a reliable expert witness under Federal Rule of Evidence 702[3] because: (1) Miller did not prepare the audit report; (2) he did not conduct the audit himself; and (3) notes from the first review of the audit report were thrown away prior to Miller's review. In opposition, Plaintiffs argue that Miller, as supervisor and final reviewer of the payroll audit, is qualified to be an expert witness.

Federal Rule of Evidence 702 permits testimony on "scientific, technical, or other specialized knowledge" by experts qualified by "knowledge, skill, experience, training, or education" if the testimony is both relevant and reliable. FED. R. EVID. 702. Expert testimony is reliable if it is "based upon sufficient facts or data," "the product of reliable principles and methods," and the expert "applies the principles and methods reliably to the facts of the case." *Id.*

Defendants do not dispute Miller's expertise; he is a certified public accountant who has been head of the audit department at Hemming Morse for 14 years. Defendants only challenge the reliability of Miller's testimony, arguing that it: (1) is not based on sufficient facts or data; (2) is not the product of reliable principles and methods; and (3) does not apply principles and methods reliably to the facts of the case. (*See* Mot. Exclude Pl.'s Witness 4:7-10.) In particular, Defendants contend that Miller's testimony is not reliable due to his "lack of knowledge and involvement" in the audit and subsequent report-writing. (*See id.* at 4:14-15.)

The court finds that Miller's testimony is reliable and therefore admissible. As a certified public accountant and head of the audit department at Hemming Morse, Miller is responsible for

---

[3] Defendants also argue that Federal Rule of Civil Procedure 37(c)(1) precludes Miller from testifying as an expert witness, because his designation is not "complete." (Mot. Exclude Pl.'s Witness 4:11.) However, counsel has failed to present evidence supporting this claim. Thus, the court is unable to find for Defendants on this matter.

3

reviewing the audit reports and files that his department produces. (*See id.* at 10:1-3.) Miller's testimony that Mach 4 under reported hours is premised on his review of the audit conducted by his department. It is not necessary for Miller to have personally conducted the field work or written the audit report because his testimony is limited to his opinions and conclusions based upon the audit report as written. Thus, the court finds that his testimony is based on sufficient facts and data, and is the product of reliable principles. Moreover, Miller's testimony straightforwardly addresses the issue before the court – whether Mach 4 failed to report hours. Therefore, the court finds that Miller's testimony applies appropriate auditing principles reliably to this case as required by Rule 702. Accordingly, Defendants' motion in limine shall be denied.

IT IS THEREFORE ORDERED that defendants' motion in limine (#51) is DENIED.

IT IS SO ORDERED.

DATED this 20th of July, 2010.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE