UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| TRUSTEES of the NORTHERN NEVADA OPERATING ENGINEERS HEALTH & WELFARE TRUST FUND, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>MACH 4 CONSTRUCTION, et al.,<br><br>Defendants. | 3:08-CV-0578-LRH-RAM<br>3:09-CV-0565-LRH-RAM<br><br><br>ORDER |

Before the court is plaintiffs' renewed motion for summary judgment. Doc. #115.[1]
Defendants filed an opposition (Doc. #121) to which plaintiffs replied (Doc. #122).

**I.   Facts and Background**

On October 30, 2008, plaintiffs filed the present action against defendants for breach of contract arising from alleged unpaid contributions. Doc. #1. Defendants filed counterclaims against plaintiffs which were eventually withdrawn and re-filed in a separate action, 3:09-cv-0565. In that separate action, the court entered an order finding that defendants failed to properly terminate the underlying contracts. *See* Doc. #33, case no. 3:09-cv-0565. Thereafter, and in response to the court's order, plaintiffs filed the present motion for summary judgment. Doc. #115.

---

[1] Refers to the court's docket number.

**II.     Legal Standard**

Summary judgment is appropriate only when the pleadings, depositions, answers to interrogatories, affidavits or declarations, stipulations, admissions, answers to interrogatories, and other materials in the record show that "there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  In assessing a motion for summary judgment, the evidence, together with all inferences that can reasonably be drawn therefrom, must be read in the light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *County of Tuolumne v. Sonora Cmty. Hosp.*, 236 F.3d 1148, 1154 (9th Cir. 2001).

The moving party bears the initial burden of informing the court of the basis for its motion, along with evidence showing the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  On those issues for which it bears the burden of proof, the moving party must make a showing that is "sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986); *see also Idema v. Dreamworks, Inc.*, 162 F. Supp. 2d 1129, 1141 (C.D. Cal. 2001).

To successfully rebut a motion for summary judgment, the non-moving party must point to facts supported by the record which demonstrate a genuine issue of material fact. *Reese v. Jefferson Sch. Dist. No. 14J*, 208 F.3d 736 (9th Cir. 2000).  A "material fact" is a fact "that might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  Where reasonable minds could differ on the material facts at issue, summary judgment is not appropriate. *See v. Durang*, 711 F.2d 141, 143 (9th Cir. 1983).  A dispute regarding a material fact is considered genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Liberty Lobby*, 477 U.S. at 248.  The mere existence of a scintilla of evidence in support of the party's position is insufficient to establish a genuine dispute; there must be evidence on which a jury could reasonably find for the party. *See id.* at 252.

### III. Discussion

In their motion, plaintiffs contend that the issue of defendants' liability has been established and that the court should enter summary judgment on the issue of damages arising from defendants' breach. *See* Doc. #115. Specifically, plaintiffs contend that the issue of damages is settled based on an audit report conducted during discovery. *Id*.

The court has reviewed the documents and pleadings on file in this matter and finds that there are disputed issues of material fact relating to the audit report which preclude summary judgment in this matter. First, there is a disputed issue of material fact as to whether the audit report contains non-covered work hours for which plaintiffs would not be entitled to receive contributions. Second, there is a disputed issue of material fact as to whether the audit itself was properly conducted and whether the audit report was subsequently properly calculated using the appropriate contribution amounts and covered work hours. Therefore, summary judgment on the issue of damages is not appropriate and the court shall deny plaintiffs' renewed motion accordingly.

IT IS THEREFORE ORDERED that plaintiffs' renewed motion for summary judgment (Doc. #115) is DENIED.

IT IS SO ORDERED.

DATED this 29th day of November, 2011.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE