UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| TRUSTEES of the NORTHERN NEVADA OPERATING ENGINEERS HEALTH & WELFARE TRUST FUND, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>MACH 4 CONSTRUCTION, LLC., a Nevada limited liability company; DUNCAN MILLER; ANGELA MILLER; DOES 1-100; and BLACK AND WHITE COMPANIES 101-200,<br><br>Defendants. | 3:08-CV-00578-LRH-WGC<br><br>ORDER |

Before the Court is Defendant Mach 4 Construction, LLC ("Mach 4"), Duncan Miller, and Angela Miller's (collectively "Defendants") Motion for Stay of Execution Pending Appeal. Doc. #186.[1] Plaintiffs Trustees of the Operating Engineers Trust Funds ("Trustees") filed a Response (Doc. #188), to which Defendants replied (Doc. #189). Additionally, Defendants filed a Request for Emergency Consideration of their Motion for Stay of Execution Pending Appeal. Doc. #194. Also before the Court is Trustees' Request for Issuance of Writ of Execution. Doc. #193.

///

---

[1] Refers to the Court's docket number.

**I.     Facts and Procedural History**[2]

On March 25, 2013, the Court entered judgment in favor of Trustees on their first and fourth claims for delinquent benefit contributions and for the personal liability of Duncan and Angela Miller, respectively. Doc. #160. The Court awarded Trustees $7,547.16 in delinquent contributions, plus interest at 12% per year, plus interest at 12% per year in lieu of liquidated damages. Doc. #160. Additionally, the Court awarded Trustees audit expenses and attorney's fees in the amount of $20,755.67. Doc. #191. Accordingly, the outstanding judgment in this case totals $37,359.42.

On April 24, 2013, Defendants filed a Notice of Appeal. Doc. #165. On August 14, 2013, Defendants filed the present Motion for Stay of Execution Pending Appeal. Doc. #186. On October 4, 2013, Trustees filed the present Request for Issuance of Writ of Execution. Doc. #193. On October 23, 2013, Defendants filed the present Request for Emergency Consideration of their Motion for Stay of Execution Pending Appeal. Doc. #194.

**II.    Legal Standard**

To stay the execution of a judgment pending appeal, ordinarily the appellant must furnish a proper supersedeas bond. Fed. R. Civ. P. 62(d); *see also* Fed. R. App. P. 8(a)(1) (a party must ordinarily move first in the district court for a stay pending appeal and approval of the supersedeas bond). "The purpose of the supersedeas bond is to preserve the status quo while protecting the non-appealing party's rights pending appeal." *Poplar Grove Planting and Refining Co. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189, 1190-91 (5th Cir. 1979). The bond should ordinarily include the whole amount of the judgment remaining unsatisfied, costs on the appeal, interest, and damages for delay. *See id.* at 1191 (holding that Rule 62(d) is consistent with its predecessor, Civil Rule 73(d), which required a bond to include costs on the appeal, interest, and damages for delay).

---

[2] A more detailed and complete factual and procedural history of this case can be found in the Court's March 22, 2013 and September 18, 2013 Orders. *See* Doc. #159; Doc. #191.

2

An appellant may be entitled to a waiver of the bond requirement and a discretionary stay only in extraordinary cases. *See Townsend v. Holman Consulting Corp.*, 929 F.2d 1358, 1367 (9th Cir. 1990). The burden is on the moving party to "objectively demonstrate the reasons for such a departure." *Poplar Grove*, 600 F.2d at 1191. Courts that have examined this question have held that a waiver should be granted only "if the filing of a supersedeas bond would irreparably harm the judgment debtor and, at the same time, such a stay would not unduly endanger the judgment creditor's interest in ultimate recovery." *Cayuga Indian Nation of N.Y. v. Pataki*, 188 F.Supp.2d 223, 254 (N.D.N.Y.2002) (internal citations omitted). Upon waiving the full supersedeas requirement, courts "often require alternative security considerably in excess of the amount of the judgment." *Id.* at 255 (internal citations omitted); *see also Int'l Telemeter Corp. v. Hamlin Intern. Corp.*, 754 F.2d 1492, 1495 (9th Cir. 1985) (holding that a district court may permit security other than a bond).

**III.   Discussion**

The Court's judgment in this matter, including audit expenses and attorney's fees, totals $37,359.42. *See* Doc. #159; Doc. #191. As such, the Court shall grant Defendants' Motion for Stay of Execution Pending Appeal on the condition that Defendants' post a supersedeas bond in the amount of $37,359.42 in accordance with this Order. Trustees request an additional $5,000.00 for costs on appeal. *See* Doc. #188, p. 2. While Trustees are entitled to "costs on the appeal, interest, and damages for delay," they provide no evidentiary support to substantiate this figure. As such, the Court declines to include this sum in the supersedeas bond requirement. In the event the Court's judgment is affirmed on appeal, the Court reserves the right to modify its September 18, 2013 Order on attorney's fees and costs in order to fully compensate Trustees for the expense of Defendants' appeal.

The Court finds that this is not a case warranting waiver of the supersedeas bond requirement. Defendants contend that "[c]ollection activity will cause extreme hardship on Mach 4 and the Millers." Doc. #186, p. 3. Furthermore, Defendants assert that "[i]f anything, [they] would

be in a better financial position to pay at the conclusion of the appeal." Doc. #186, p. 4. However, Defendants fail to explain and the Court fails to understand how this would be the case. Finally, Defendants offer no alternative security in place of a supersedeas bond. Moreover, Defendants have not shown that a lesser amount than the total judgment in this matter would adequately protect Trustees' interest in ultimate recovery. Nor have they presented to the Court a financially secure plan for maintaining solvency during the period of appeal. Thus, the Court finds that Defendants have not sufficiently demonstrated their need for a departure from the normal supersedeas bond requirement.

IV.   **Conclusion**

IT IS THEREFORE ORDERED that Defendants' Motion for Stay of Execution Pending Appeal (Doc. #186) is GRANTED conditioned upon Defendants posting the full supersedeas bond in the amount of $37,359.42.

IT IS FURTHER ORDERED that Trustees' Request for Issuance of Writ of Execution (Doc. #193) shall be granted if a full and acceptable supersedeas bond is not filed with the Court Clerk within fifteen (15) days of the issuance of this Order.

IT IS SO ORDERED.

DATED this 29th of October, 2013.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE